No. 471
CEDAR RAPIDS SAV. BK. v. DILLEY, et al
Ohio Appeals, 9th Dist., Summit Co.
No. 910. Decided Feb. 16, 1925
147. BILLS AND NOTES—Question of whether or not Bank is holder in due course is for determination by the jury—Court should have charged on what constituted notice of a defective title.
WASHBURN, J.

The Cedar Rapids Savings Bank brought an action in the Summit Common Pleas to recover a judgment on certain promissory notes signed by W. W. Dilley & Son made payable to the Serenado Mfg. Co. Dilley admitted that he signed the notes, but plead that there was no consideration, and that the Bank knew

or should have known that there was no consideration for said notes which were not transferred to the Bank in the ordinary course of business, and it did not give value for said notes.

It seems that Dilley & Son has attached the notes to a paper purporting to be an offer to the Manufacturing Co., and the notes were merely a part of the offer, said offer distinctly providing that notes were not to be detached unless the offer was accepted and notice of acceptance was given in the "usual course of mail" and if offer was not accepted the notes were to be returned. The Common Pleas rendered judgment in favor of Dilley and Son. Error was prosecuted and it is contended that the lower court erred in charging the jury. The Court of Appeals held:

1. When the offer was withdrawn, there was no delivery of the notes for the purpose of giving effect to them, and the subsequent negotiation of them, and by the Mfg. Co., who had no title to them, was a "breach of faith" within the meaning of 8160 GC.

2. That defense, although inaccurately plead as a want of consideration, was good as between the original parties to the transaction; and it being plead that the Bank was not a holder in due course, trial court properly overruled motion of Bank for judgment in its favor.

3. Question of whether or not Bank was a holder in due course was one of fact for determination by the jury, and the evidence was not such as to warrant the court in withdrawing that question from the jury.

4. The court did not charge on this subject, and it did not charge on what constituted notice of defective title.

For error in not properly instructing jury judgment is reversed and cause remanded.

Attorneys—Doolittle, Foust & Holden, for Bank; Lahremer & Hadley, for Dilley; all of Akron.